Filed 9/17/15  P. v. Rodriguez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062622 |
| v. | (Super.Ct.No. FSB1405172) |
| RALPH ANTHONY RODRIGUEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  William Jefferson Powell IV, Judge.  Affirmed with directions.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Ralph Anthony Rodriguez was charged by information with attempted criminal threats. (Pen. Code, §§ 664/422, subd. (a), count 1.)[1] The information was later amended by interlineation to allege an added count of second degree burglary. (§ 459, count 2.) Pursuant to a plea agreement, defendant pled no contest to count 2, in exchange for three years of probation, on specified terms, including 41 days in county jail with credit for time served of 41 days. The parties stipulated that the reports contained in the court file provided a factual basis for the plea. Defendant was sentenced immediately. In accordance with the plea agreement, the court withheld pronouncement of judgment and placed defendant on probation for a period of three years on the specified terms.

Defendant filed a timely notice of appeal, challenging the validity of the plea, and requesting a certificate of probable cause, based on a claim that he was pressured into signing the plea agreement by his counsel and the district attorney's office. The court granted his request for a certificate of probable cause. We order the trial court to dismiss count 1. Otherwise, we affirm.

PROCEDURAL BACKGROUND

Defendant was charged with attempted criminal threats. (§§ 664/422, count 1.) Defendant pled not guilty. The information was later amended by interlineation to allege an added count of second degree burglary. (§ 459, count 2.) Defendant entered into a

_____

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

2

plea agreement under which he pled guilty to count 2. Before accepting the plea, the court questioned him. Defendant confirmed that he had initialed and signed the plea form, that he understood everything on the form, that no one had threatened or forced him in any way to plead guilty, and that he was not under the influence of alcohol or drugs. The court asked defense counsel if he went over all of defendant's rights with him. Counsel confirmed that he did and that he read the agreement to defendant verbatim. Counsel stated that he felt defendant had a knowing and intelligent grasp and was making a free and voluntary waiver of his rights. After examining him, the court found that defendant had read and understood the plea agreement and was knowingly, intelligently, and voluntarily waiving his constitutional rights. Defendant then pled guilty in open court to count 2. Defense counsel joined in, and the prosecutor accepted the plea. The parties stipulated that the reports contained in the court file provided a factual basis for the plea. Defendant was sentenced immediately. In accordance with the plea agreement, the court withheld pronouncement of judgment and placed defendant on probation for a period of three years on specified terms. The court noted that the first term was that he serve 41 days in jail. However, it awarded 41 days of presentence custody credits and thus ordered him released that day.

Defendant filed a notice of appeal in propria persona, and indicated that he was challenging the validity of the plea. In his request for a certificate of probable cause, defendant simply stated: "I was pressured into sinning [*sic*] the plea bargain by my public defender and the district attorney's office court representative." The court granted his request for a certificate of probable cause.

ANALYSIS

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and two potential arguable issues: (1) whether the trial court properly permitted the People to amend the information by interlineation to add a count of second degree burglary; and (2) whether the court was entitled to accept a stipulation from defense counsel, as opposed to defendant personally, that a factual basis existed for defendant's guilty plea. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has done. In a handwritten brief, defendant makes several confusing claims/allegations. He begins by asking this court to overturn his conviction of "attempted criminal threats = second degree burglary." He then alleges that: (1) he lost his right to a 40-day speedy trial; (2) the district attorney had 60 days to bring him to trial; (3) he was "sentenced to max prison befor [*sic*] he was convicted"; (4) he spent 40 days and nights in a "max-prison back [and forth] to court 8 times"; (5) his first public defender told him there was no crime committed, and he was "gunning for the mayor seat"; (6) his first public defender was replaced with another one, who told defendant he did not think he was innocent, and if he did not sign the plea agreement, the mayor of Redlands was friends with the district attorney, and they would "come after [him] like a sledgehammer"; (7) defendant had been without sleep for 40 days and nights and could

barely keep his eyes open, so his counsel told him he would read the terms of the plea agreement to him, but did not do so; (8) he was coaxed into the plea agreement, and the district attorney and public defender took advantage of him, because all they wanted was a felony conviction; (9) he found out his public defender and the district attorney were running for "state attorney general"; (10) the district attorney had 60 days to try this case, and he kept defendant in prison for 40 days and nights to "break [him] down"; (11) the district attorney should have had him evaluated by a doctor to see if he was fit to sign a plea bargain; 12) defendant had no idea what he was signing, and he "was like being drunk or beening [*sic*] on medication; (13) he is now homeless and should have stayed in prison; and (14) his charge should have been dismissed or least been a charge of disturbing the peace.

Defendant first argues that we should reverse his conviction. However, he pled guilty, and a guilty plea admits all matters essential to the conviction. (*People v. DeVaughn* (1977) 18 Cal.3d 889, 895.) Furthermore, "[i]ssues cognizable on an appeal following a guilty plea are limited to issues based on 'reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings' resulting in the plea. [Citations.]" (*Id.* at pp. 895-896; see *People v. Hoffard* (1995) 10 Cal.4th 1170, 1178.) Defendant appears to be arguing that his plea was not valid. However, the transcript of the plea proceeding shows that he answered in the affirmative when asked whether he understood he was waiving his constitutional rights and whether he understood the charges and consequences of his plea. Defendant also answered in the affirmative when asked whether he had sufficient time to discuss his case with his

attorney, including the evidence against him and any potential defenses. Although he now claims his attorney did not read the terms of the agreement to him, the record shows that his attorney did. Moreover, although defendant now claims he had no idea what he was signing, the record shows that he told the court he initialed and signed the agreement only after making sure he understood everything in it. Defendant also answered in the negative when the court asked if he was under the influence of alcohol, drugs, or prescription medication that could affect his ability to enter the plea agreement. The trial court, which was in the best position to judge defendant's mental state and demeanor, found no impairment. To the contrary, the court found that defendant understood the nature and consequences of his plea, as well as his constitutional rights, and that his plea was knowingly, intelligently, and voluntarily given.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

Although not raised by the parties, we note an apparent clerical error. Generally, a clerical error is one inadvertently made. (*People v. Schultz* (1965) 238 Cal.App.2d 804, 808.) Clerical error can be made by a clerk, by counsel, or by the court itself. (*Ibid.* [judge misspoke].) A court "has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts. [Citations.]" (*In re Candelario* (1970) 3 Cal.3d 702, 705.)

In this case, the court neglected to dismiss count 1. The plea agreement stated that defendant would plead guilty to second degree robbery (count 2), in exchange for felony probation. The agreement also stated that he would be required to attend an anger

management program and that he have no contact with the victim.  There was no mention of the dismissal of count 1 in the plea agreement.  Defendant pled guilty to count 2.  The court did not dismiss count 1.  Nonetheless, the minute order states that the court ordered count 1 dismissed, on motion of the People.  Neither party mentioned the court's failure to dismiss count 1 below or on appeal.  Thus, the record indicates that the parties intended count 1 to be dismissed.  It is evident the court's failure to order the dismissal was inadvertent.  Accordingly, in the interest of clarity, we will direct the trial court to dismiss count 1.

<u>DISPOSITION</u>

The trial court is directed to order the dismissal of count 1.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>HOLLENHORST</u>
J.

We concur:

<u>RAMIREZ</u>
P. J.

<u>CODRINGTON</u>
J.

7